IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| KEVIN BROWN ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 3:21-cv-955 |
| ) | Judge Campbell/Frensley |
| WOODBURY AUTO GROUP, et al., ) | |
|     Defendants. ) | |

## REPORT AND RECOMMENDATION

Pending before the Court is the Defendants' Motion to Dismiss (Docket No. 17) and supporting Memorandum of Law (Docket No. 18). Plaintiff has filed a Response. Docket No. 19. The Defendants have filed a Motion for Leave to File a Reply (Docket No. 21) and Proposed Reply Memorandum (Docket No. 21-1). For the reasons stated herein, the undersigned recommends that the Defendants' Motion to Dismiss be **DENIED WITHOUT PREJUDICE** to be refiled in compliance with the Local Rules of Court.

## BACKGROUND

This action was brought by the pro se Plaintiff concerning the alleged deceptive sale of a damaged used motor vehicle. Docket No. 9. The Court conducted an initial review of the Amended Complaint and allowed the following claims to proceed: (1) Magnuson-Moss Warranty Act, (2) breach of express warranty; (3) breach of implied warranty of fitness for a particular purpose; (4) breach of implied warranty of merchantability; (5) violation of TCPA § 47-18-104(b); (6) intentional misrepresentation; (7) fraudulent inducement; (8) negligent misrepresentation; and (9) fraudulent concealment. Docket No. 10. The Plaintiff's other claims were dismissed. *Id.*

Following service of the Amended Complaint, the Defendants filed the instant motion to dismiss. Docket No. 17.

## LAW AND ANALYSIS

The Local Rules of Court require that a separately filed memorandum of law citing supporting authorities and other materials shall be filed in "every motion that may require the resolution of an issue of law" Local Rule 7.01(a)(2). The Rule further states that "no memorandum shall exceed twenty-five (25) pages without leave of court." *Id.* The Rules further provide that "an optional reply memorandum may be filed within seven (7) days after service of the response and shall not exceed five (5) pages without leave of court." Local Rule 7.01(a)(4).

Neither the Defendants memorandum in support of their motion to dismiss (Docket No. 18) nor their proposed reply brief (Docket No. 21-1) comply with the Local Rules of Court. Defendants' memorandum in support of its motion to dismiss is forty-three (43) pages long; and the proposed Reply brief is nineteen (19) pages in length.[1] While the undersigned recognizes that the Plaintiff has asserted numerous claims that survived initial review, the Defendants have failed to seek leave as required by the Local Rules of Court, let alone articulate why it is not possible to address the issues raised within the page limits established by the Local Rules of Court. Perhaps more concerning, the Court has preliminarily reviewed the two pleadings and finds them to contain numerous typographical and grammatical errors as well as improper case citations. Additionally, while filed as a motion to dismiss under Fed. R. Civ. P. 12, the pleadings appear to rely on numerous factual assertions and documents beyond the Amended Complaint itself. Finally, the pleadings contain numerous unnecessary conclusory statements, speculation and conjecture.

For the foregoing reasons, the undersigned recommends that the Defendants' Motion to Dismiss (Docket No. 17) be **DENIED WITHOUT PREJUDICE** to allow the Defendants to refile

---

[1] The pleadings do not appear to comply with Local Rule 7.03(c) requiring pleadings to be double-spaced. If properly spaced, the pleadings would have been even more pages.

2

Case 3:21-cv-00955   Document 23   Filed 06/07/22   Page 2 of 3 PageID #: 396

pleadings that comply with the Local Rules of Court.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn,* 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

_____
**JEFFERY S. FRENSLEY**
**U. S. District Magistrate Judge**