IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| KEVIN BROWN<br>    Plaintiff, | )<br>)<br>) |
| v. | )    Civil No. 3:21-cv-955<br>)    Judge Campbell/Frensley |
| WOODBURY AUTO GROUP, et al.,<br>    Defendants. | )<br>) |

## REPORT AND RECOMMENDATION

Pending before the Court is the Plaintiff's Application for Temporary Restraining Order with Equitable Relief and Order to Show Cause Why Preliminary Injunction Should Not Issue. Docket No. 20. The Defendants have filed a response in opposition to the application. Docket No. 22. For the reasons set forth herein, the undersigned recommends that the Plaintiff's application be **DENIED**.

## BACKGROUND

This action was brought by the pro se Plaintiff concerning the alleged deceptive sale of a damaged used motor vehicle. Docket No. 9. The Court conducted an initial review of the Amended Complaint and allowed the following claims to proceed: (1) Magnuson-Moss Warranty Act, (2) breach of express warranty; (3) breach of implied warranty of fitness for a particular purpose; (4) breach of implied warranty of merchantability; (5) violation of TCPA § 47-18-104(b); (6) intentional misrepresentation; (7) fraudulent inducement; (8) negligent misrepresentation; and (9) fraudulent concealment. Docket No. 10. The Plaintiff's other claims were dismissed. *Id.*

The Plaintiff files the instant motion seeking a temporary restraining order ("TRO") and injunctive relief alleging the Defendants are engaged in violations of § 5(a) of the FTC Act 15 U. S. C. § 45(a), which prohibits unfair or deceptive acts or practices effecting commerce. Docket

No. 20, p. 2. Plaintiff seeks to "enjoin Woodbury Auto from violating the Motor Vehicle Information Cost Savings Act ("MVISA")" by requiring Defendant to present a certificate of title upon transfer of ownership "without intent to defraud." *Id.* at p. 3. Plaintiff asserts Defendants have a "pattern and practice of violating MVISA" about which consumers have no way of knowing the true condition of vehicles purchased from the Defendant until such time as any warranty for the vehicle has expired and injunctive relief is necessary to protect unsuspecting customers from Defendants' actions. *Id. a*t p. 3.

The Defendants have filed a response in opposition to the Plaintiff's motion. Docket No. 22. While the majority of the Defendants' response is dedicated to why Plaintiff's claims should be dismissed; with respect to the actual pleading before the Court, the Defendants argue that the Plaintiff has no standing to file the application for temporary restraining order and that he has not provided any specific facts by affidavit or Verified Complaint to clearly show immediate and irreparable injury, loss, or damage to himself. *Id.* at pp. 1-6. Instead, they assert the Plaintiff is attempting to stand in the shoes of the Attorney General "to protect the public not himself." *Id.* In analyzing the factors the Court must consider in granting injunctive relief, the Defendants argue that the Plaintiff has not supported his application with specific facts in an affidavit or otherwise as required by the law to satisfy any of the required elements. *Id. a*t pp. 7-11.

## LAW AND ANALYSIS

### A. Legal Standard

Temporary restraining orders and preliminary injunctions are considered preventive, prohibitory, or protective measures taken pending resolution on the merits, *see Clemons v. Board of Educ.*, 228 F. 2d 853, 856 (6th Cir. 1956), and are extraordinary relief. *Detroit Newspaper Publishers Ass'n v. Detroit Typographical Union No. 18, Int'l Typographical Union*, 471 F. 2d

2

Case 3:21-cv-00955   Document 35   Filed 01/30/23   Page 2 of 7 PageID #: 557

872, 876 (6th Cir. 1972). Plaintiff, as the moving party, has the burden of proving that the circumstances "clearly demand" an injunctive order. *Overstreet v. Lexington–Fayette Urban Cnty. Gov't*, 305 F. 3d 566, 573 (6th Cir. 2002). The court must balance four factors in deciding whether to issue a TRO or preliminary injunction: "(1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction." *City of Pontiac Retired Employees Ass'n. v. Schimmel*, 751 F. 3d 427, 430 (6th Cir. 2014) (internal quotation marks omitted).

These four factors are "factors to be balanced, not prerequisites that must be met." *Michael v. Futhey*, 2009 WL 4981688, at *17 (6th Cir., December 17, 2009)(quoting *Six Clinics Holding Corp., II v. Cafcomp Systems*, 119 F. 3d 393, 400 (6th Cir. 1997)). Nonetheless, it remains that the hallmark of injunctive relief is the likelihood of irreparable harm. *Patio Enclosures, Inc. v. Herbst*, 39 Fed. Appx. 964, 967 (6th Cir. 2002)("[t]he demonstration of some irreparable injury is a *sine qua non* for issuance of an injunction."); *see also Winter v. Natural Resources Defense Council, Inc.,* 555 U. S. 7, 22-23, 129 S. Ct. 365, 172 L. Ed 2d 249 (2008)(rejecting the notion that a mere "possibility" of irreparable injury was sufficient for a preliminary injunction and holding that "plaintiffs seeking preliminary relief [are required] to demonstrate that irreparable injury is *likely* in the absence of an injunction")(emphasis in original). "A finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzalez v. National Board of Medical Examiners*, 225 F. 3d 620, 625 (6th Cir. 2000).

The plaintiff bears the burden of demonstrating his entitlement to a preliminary injunction, and his burden is a heavy one. Injunctive relief is "an extraordinary remedy which should be

3

granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban Cnty. Gov't.*, 305 F. 3d 566, 573 (6th Cir. 2002).

### B. The Case at Bar

As an initial matter, Local Rule 7.01(a)(2) requires that "... every motion that may require the resolution of an issue of law must be accompanied by a separately filed memorandum of law citing supporting authorities and, where allegations of fact are relied upon, affidavits, depositions or other exhibits in support thereof." As noted above, the Plaintiff filed only his application for temporary restraining order. Plaintiff has not filed a separate memorandum of law as required by Local Rule 7.01(a)(2). More importantly, the Plaintiff does not address any of the factors the Court must consider when determining whether to grant a temporary restraining order or a preliminary injunction. While this alone could be fatal to the Plaintiff's argument the Court will address the relevant factors below.

#### 1. Likelihood of Plaintiff's success on the merits

Plaintiff's application does not make any argument addressing this factor. Plaintiff asserts in conclusory fashion that the Defendants sell flood damaged used cars in excess of their actual worth and make other misrepresentations around the sale of such vehicles. Docket No. 20. However, Plaintiff's conclusory allegations in his application are simply not enough for the Court to conclude that he will be successful on the merits. Further, to the extent that the Plaintiff's Complaint seeks remedies associated with the sale of a vehicle to him it is not altogether clear nor has the Plaintiff explained how he could obtain the relief sought in this application as to any other individuals. Therefore, there is no indication from the Motion that Plaintiff is likely to succeed on the merits. As previously noted, "a finding that there is simply no likelihood of success on the

merits is usually fatal." *Gonzalez v. National Board of Medical Examiners*, 225 F. 3d 620, 625 (6th Cir. 2000).

As a result, this factor weighs against Plaintiff and on its own could be fatal to Plaintiff's motion.

**2.     Whether the movant would suffer irreparable injury without the injunction**

Plaintiff has not pointed to specific events or harms that he believes will happen immediately in the future. Plaintiff's lawsuit is based upon the purchase of a single vehicle from the Defendant. Docket No. 9. Any injury the Plaintiff has suffered has already been suffered and there is no reason to believe that the Plaintiff would purchase another vehicle from the Defendant nor that the Defendant would sell the Plaintiff another vehicle. Plaintiff will suffer no further injury as a result of the previously purchased vehicle than he already has nor is he at any risk for future injury from Defendants. Thus, the injunction is unnecessary to prevent irreparable harm to the Plaintiff under the facts of this case. Therefore, this factor weighs against Plaintiff.

**3.     Whether issuance of the injunction would cause substantial harm to others**

The relief sought by Plaintiff is for the Defendants to comply with the laws surrounding the sale of flood damaged vehicles. Docket No. 20. While it is true that an injunction requiring a party to comply with the law should not cause substantial harm to any other party, the Defendants are already under a duty to comply with the law. There are remedies for any allegation that they do not comply with the law and Plaintiff has not argued why the existing laws and remedies are insufficient under the circumstances. This factor is neutral at best.

**4.     Whether the public interest would be impacted by issuance of the injunction**

As with the other consideration, the Plaintiff does not address this factor in his motion. Presumably the public interest would be furthered by compliance with laws that are designated to

protect consumers. However, as noted above, those laws already exist and require compliance. Further, there are remedies that are available for any allegations of noncompliance. Plaintiff offered no argument as to why the relief sought is either necessary or would provide greater protection that what already exists. While the public has an interest in compliance with the law, the issuance of an injunction in this case would have little impact on the public interest as the obligations and remedies are already established by law. Therefore, the Court finds this factor weighs against the Plaintiff

## CONCLUSION

After balancing all the factors, the Court does not find that the Plaintiff is entitled to a TRO or preliminary injunction. Plaintiff's motion is supported only by conclusory statements and the requested remedy is unnecessary to protect the future interest of the Plaintiff nor to preserve the *status quo* pending final resolution of the case. The two most important factors to consider when evaluating a motion for TRO both weigh against the Plaintiff. It is the Plaintiff's burden to show that he is entitled to the exceptional remedy of a TRO which he has not done in this case.

For the reasons discussed herein, the undersigned recommends that Plaintiff's Application for Temporary Restraining Order with Equitable Relief and Order to Show Cause Why Preliminary Injunction Should Not Issue (Docket No. 20) be **DENIED.**

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas*

*v. Arn,* 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

*[signature]*

**JEFFERY S. FRENSLEY**
**U. S. Magistrate Judge**

7

Case 3:21-cv-00955   Document 35   Filed 01/30/23   Page 7 of 7 PageID #: 562