**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | | |
|---|---|---|
| **KEVIN L. BROWN** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 3:21-cv-00955** |
| | ) | **Judge Campbell / Frensley** |
| **WOODBURY AUTO GROUP LLC** | ) | |
| **and KHATAB ALAZAWY,** | ) | |
| **Defendants.** | ) | |

## <u>REPORT AND RECOMMENDATION</u>

### I.     INTRODUCTION

This matter is before the Court upon Defendants' Motion to Dismiss. Docket No. 29. As grounds for their Motion, Defendants argue that: (1) the causes of action in Plaintiff's First Amended Complaint are frivolous and malicious; (2) the allegation of poverty is untrue under 28 U.S.C. § 1915(e)(2)(A) & (B)(i)(ii); (3) this Court lacks subject matter jurisdiction because there is no federal question or complete diversity between the parties and Plaintiff's claim does not meet the threshold requirements; and (4) the allegations of Plaintiff's First Amended Complaint fail to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6). *Id.* In support of their Motion, Defendants have contemporaneously filed a supporting Memorandum of Law. Docket No. 30. Plaintiff has filed a Response to Defendants' Motion. Docket No. 33.  Defendants filed a Reply. Docket No. 34, 34-1.

For the reasons discussed below, the undersigned finds that Plaintiff's First Amended Complaint (Docket No. 9) states a plausible claim for relief such that dismissal at this juncture is unwarranted. Accordingly, the undersigned recommends that Defendant's Motion to Dismiss (Docket No. 29) be **DENIED**.

## II.    BACKGROUND

Plaintiff, *pro se*, filed his First Amended Complaint in this action alleging that, in deceptively selling him a flood damaged and salvaged 2015 Nissan Altima, Defendants violated his rights under the Odometer Act[1]; the Magnuson-Moss Warranty Act; the Tennessee Warranty Claims of Express Warranty, Implied Warranty of Fitness for a Particular Purpose, and Implied Warranty of Merchantability; the Tennessee Consumer Protection Act; and the Fraud Claims of Intentional Misrepresentation, Fraudulent Inducement, Negligent Misrepresentation, and Fraudulent Concealment. Docket No. 9. Plaintiff seeks "declaratory, equitable, and/or injunctive relief," rescission and restitution of $9,000, compensatory damages "in an amount the Court deems just and proper," $50,000 in punitive damages, "reasonable out of pocket litigation expenses," and "such other and further relief as the Court deems just and proper under the circumstances." *Id.* at 37.

In his Response, Plaintiff argues that Defendants' Motion to Dismiss "overstates the pleading requirements for an action in Federal Court, makes inappropriate factual arguments, and mak[es] an accusatory argument in which there is NO basis in fact." *Id.* at 3 (capitalization original). Plaintiff argues that, while Defendants argue that the First Amended Complaint "lacks, *inter alia*, a definition of deception; lacks any example of injury; and lacks a factual basis," "Defendants cite no valid authority to support the proposition that these or any other supposedly missing ingredients are, in fact, required in the Plaintiff's Complaint." *Id.* at 5. Plaintiff asserts that Defendants' Motion to Dismiss should be denied because: (1) his First Amended Complaint satisfies all the pleading requirements articulated in *Twombly* and *Iqbal, infra*; (2) his claims are

---

[1] Plaintiff's Odometer Act claim was dismissed by Judge Campbell in his initial frivolity review. *See* Docket No. 10.

plausible and supported by detailed factual allegations; and (3) his First Amended Complaint "clearly puts Defendants on fair notice of the charges against them. *Id.* at 3-4, 7. Plaintiff also asserts that this Court has subject matter jurisdiction because Plaintiff has sufficiently alleged consumer harm and damage. *Id.* at 4.

In the Reply, Defendants argue that Plaintiff's Response was untimely-filed and should therefore not be considered by this Court. Docket No. 34-1 at 2.[2] Specifically, Defendants argue that Plaintiff's Response was due on August 4, 2022, but Plaintiff failed to file on time and failed to ask the court for an extension of time to file his response before the August 4, 2022 due date. *Id.* Defendants note that Plaintiff filed his Motion for an Extension of Time to respond on August 11, 2022, seeking until August 12, 2022, in which to file his Response. *Id.* Defendants relay that, although this Court granted Plaintiff's request and extended his Response deadline to August 12, 2022, Plaintiff did not file his Response until August 15, 2022. *Id.*

Defendants further reply that there is "no duty to disclose if the information is available" and that, because Plaintiff could have conducted a "simple search, through his phone, of the CARFAX report of the vehicle" prior to its purchase, they are not liable. *Id.* at 2-3. Defendants additionally reply that the "documents signed by the plaintiff and the salesperson on behalf of Defendant Woodbury are very clear and self-explanatory and the plaintiff is presumed to have read them, if he did not, then he cannot blame the defendants for his failure to do so." *Id.* at 4-5.

Defendants also argue in their Reply that Plaintiff negated any elements of intentional acts or fraudulent intent in paragraphs 90 and 92 of his First Amended Complaint, when he stated that,

---

[2] On August 11, 2022, Plaintiff filed a Motion for an Extension of Time in which to file his Response, which the undersigned granted. Docket Nos. 31, 32. The undersigned gave Plaintiff until August 12, 2022, in which to file his Response. Docket No. 32. Plaintiff's Response was signed on August 11, 2022 and stamped as received in the Clerk's office on August 15, 2022. *See* Docket No. 33.

"[a]lthough Defendant Alazawy may have honestly believed that the forgoing [*sic*] representations were true, he had no reasonable grounds for believing the representations were true when he made them"; and "Plaintiff reasonably relied on Defendant's representation mainly because of the customer reviews he had read about the dealer in that they were all good and stemming from the group being in business for almost a year." *Id.* at 5 (emphasis removed).

Finally, Defendants Reply that a limited warranty does not negate the "as-is" because Defendants gave Plaintiff a thirty-day limited dealer warranty to cover parts only for the engine and transmission, which expired without use by Plaintiff. *Id.* at 6. Defendants argue that other than the engine and transmission parts, everything else was sold "as-is," and, after the thirty-day limited warranty expired, the whole vehicle was "as is." *Id.*

Defendants argue, therefore, that Plaintiff's First Amended Complaint should be dismissed with prejudice "as frivolous and malicious and the allegation of poverty were [*sic*] untrue"; and, "[i]n the alternative, the plaintiff's first amended complaint should be dismissed with prejudice for lack of subject matter jurisdiction for lack of federal question and diversity and failure to meet the threshold requirement for the Magnuson-Moss Warranty Act of $50,000"; and in the second alternative, "the plaintiff's first amended complaint should be dismissed with prejudice for failure to comply with rule 8 of the Federal Rules of Civil Procedure and for failure to state a claim upon which relief can be granted." *Id.* at 6. Defendants seek an award of costs and attorney's fees "for having to spend all that money to defendant [*sic*] this meritless frivolous and malicious claims with all other relief as this court deems proper." *Id.* at 7 (lack of punctuation original).

### III.    RELEVANT FACTS[3]

---

[3] The undersigned recounts and incorporates Judge Campbell's recitation of the factual allegations of Plaintiff's First Amended Complaint, as set forth in the Memorandum accompanying his frivolity review Order. *See* Docket No. 10.

4

On October 22, 2021, Plaintiff and his elderly mother visited a used car lot operated by Defendant Woodbury Auto Group LLP. Docket No. 9. Defendant Alazawy, acting as a salesman, represented to Plaintiff that a 2015 Nissan Altima ("Subject Vehicle") had been thoroughly inspected; its vehicle history had been checked; was in excellent mechanical condition; had not been in any serious accident; did not have any damage; and had been traded-in by the prior owner for non-mechanical reasons. *Id.* at 1-2, 6-7, 12. Defendant Alazawy refused to provide Plaintiff with a report concerning the vehicle's mechanical history, despite Plaintiff's mother asking for it, but he confirmed that the vehicle was being sold with the thirty-day "dealer warranty" for "engine and transmission" that was advertised in bold letters on the Buyer's Guide window sticker. *Id.* at 10-11, 15-16; Docket No. 9-1 at 22. Based on Defendant Alazawy's representations that the Subject Vehicle was "fit for the road" and covered by the warranty, Plaintiff agreed to purchase the car for $9,000 cash (rather than the $11,500 sticker price). *Id.* at 9, 16. It was agreed that the tax, tag, and license fees were to be included in the $9,000, but Plaintiff and his mother ended up paying for the license and other documents themselves. *Id.* at 9.

After the bill of sale was executed, however, Defendant Alazawy ink-stamped "all vehicles sold as is" over Plaintiff's signature. *Id.* at 16. Defendants refused to provide the Subject Vehicle's title until after the thirty-day warranty period expired. *Id.* at 12. Upon receiving the title, Plaintiff discovered that the Subject Vehicle had been rendered "salvage" condition by "flood damage" in a hurricane-impacted area. *Id.* Within weeks, the Subject Vehicle developed significant transmission problems, but Defendants "refused to fix the car" and avoided Plaintiff's attempts to seek a resolution. *Id.* at 10-15, 23.

Based on these circumstances, Plaintiff alleges that Defendants engaged in a deliberate scheme to "trick" him into buying a damaged vehicle by telling "lies" and concealing information

despite being "clearly aware" of the Subject Vehicle's failing transmission and flood damage. *Id.* at 1-2, 14, 33-34. Defendants failed to disclose to Plaintiff and his mother that the Subject Vehicle had been recalled ten times and they deliberately concealed that the Subject Vehicle was going to be sold without the advertised warranty. *Id.* at 13, 19. Defendants also failed to provide the proper titling documents set forth in Tenn. Code Ann. § 55-3-208 and further failed to provide the UCC § 5-110 required disclosure. *Id.* at 13.

Plaintiff would not have purchased the Subject Vehicle "had [he] known the true condition and history." *Id.* at 14. Plaintiff further avers the Subject Vehicle's value has been impaired because it is "unsafe to drive on the roads…of Tennessee" due to the damaged transmission and, as a "salvage" vehicle, it is not "legally drivable" and cannot be registered for license plates or insured in Tennessee. *Id.* at 14-16, 27, n. 17.

## IV. LAW AND ANALYSIS

### A. Motion to Dismiss - Fed. R. Civ. P. 12(b)(6)

Fed. R. Civ. P. 12(b)(6) provides that a claim may be dismissed for failure to state a claim upon which relief can be granted. In order to state a claim upon which relief can be granted, a complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory. *Mezibov v. Allen*, 411 F. 3d 712, 716 (6th Cir. 2005). Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice. *Id.*

The court will construe the complaint in the light most favorable to the nonmoving party, accept its allegations as true, and draw all reasonable inferences in favor of the nonmoving party. *See Directv, Inc. v. Treesh*, 487 F. 3d 471, 476 (6th Cir. 2007); *Inge v. Rock Fin. Corp.*, 281 F. 3d 613, 619 (6th Cir. 2002). The Federal Rules of Civil Procedure require only that the pleadings

6

contain "a short and plain statement of the claim" that will provide fair notice of what the claims are and the grounds upon which they rest. *See* Fed. R. Civ. P. 8.

A complaint containing a statement of facts that merely creates a suspicion of a legally cognizable right of action is insufficient. *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1965 (2007). The "[f]actual allegations must be enough to raise a right to relief above the speculative level"; they must "state a claim to relief that is plausible on its face." *Id*. at 1965, 1974. *See also, Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F. 3d 545, 548 (6th Cir. 2007).

Moreover, the United States Supreme Court has addressed the current appropriate standard that must be applied in considering a Motion to Dismiss for failure to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The *Iqbal* Court stated in part as follows:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice . . . . Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss . . . . Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

556 U.S. at 678-79 (citations omitted).

**B.**     **Magnuson-Moss Warranty Act ("MMWA")**

The Magnuson-Moss Warranty Act ("MMWA") creates a federal right of action for breaches of warranty arising from state substantive law. *Kuns v. Ford Motor Co.*, 543 F. App'x 572, 575 (6th Cir. 2013). The MMWA does not provide an independent cause of action for state law claims, but rather, provides additional damages for breaches of warranty under state law.

7

*Bearden v. Honeywell Int'l Inc.*, 720 F. Supp. 2d 932, 938 (M.D. Tenn. 2010). Thus, to recover under the MMWA, a plaintiff must first assert a viable state-law warranty claim. *Id.*

### C. Tennessee Warranty Claims

### i. Express Warranty

"Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise." Tenn. Code Ann. § 47-2-313(1)(a). In addition, "[a]ny description of the goods which is made a part of the basis of the bargain creates a warranty that the goods shall conform to the description." Tenn. Code Ann. § 47-2-313(b). No specific words are necessary to create an express warranty; rather, express warranties are "dependent on the party's intention." *See Coffey v. Dowley Mfg., Inc.,* 187 F. Supp. 2d 958, 970 (M.D. Tenn. 2002).

To plead a breach of express warranty under subsection 313(a), a plaintiff must allege that: (1) the defendant made an affirmation of fact intending to induce the plaintiff to purchase the good; (2) the plaintiff was, in fact, induced by the defendant's acts; and (3) the affirmation of fact was false regardless of the defendant's knowledge of the falsity or intention to create a warranty. *Jones v. WFM-Wo., Inc.,* 265 F. Supp. 3d 775, 781 (M.D. Tenn. 2017). To plead a breach of express warranty under subsection 313(b), a plaintiff must allege that the defendant's incorrect description of the good induced the plaintiff to purchase the good. *Id.*

### ii. Implied Warranty of Fitness for a Particular Purpose

"Where the seller at the time of contracting has reason to know any particular purpose for which the goods are required, and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods, there is … an implied warranty that the goods shall be fit for such purpose." Tenn. Code Ann. § 47-2-315.

8

To plead a breach of implied warranty of fitness for a particular purpose, a plaintiff must allege that: (1) the defendant had reason to know of the plaintiff's purpose; (2) the defendant knew the plaintiff was relying on his/her skill or judgment to decide on the good; (3) the good was not fit for the particular purpose for which it was bought. *See AutoZone, Inc. v. Glidden Co.*, 737 F. Supp. 2d 936, 949 (W. D. Tenn. 2010).

### iii. Implied Warranty of Merchantability

"[A] warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind." Tenn. Code Ann. § 47-2-314(1). Goods are "merchantable" when, among other things, they "are fit for the ordinary purposes for which such goods are used." *Id.*; Tenn. Code Ann. § 47-2-314(2)(c). Thus, a claim for breach of the implied warranty of merchantability arises if a routine seller of goods fails to sell particular goods that are fit for the ordinary purposes for which such goods are generally used. *AutoZone, Inc.*, 737 F. Supp. 2d at 948-49.

To state a claim for breach of the implied warranty of merchantability, a plaintiff need only allege that "in a general sense and understood by a layman, that 'something was wrong' with the product" – in other words, "that the goods did not measure up to the requirements of the warranty at the time they were delivered." *Id., quoting Browder v. Pettigrew*, 541 S. W. 2d 402, 406 (Tenn. 1976).

### D. Tennessee Consumer Protection Act ("TCPA")

The Tennessee Consumer Protection Act ("TCPA") outlaws "[u]nfair or deceptive acts or practices affecting the conduct of any trade or commerce." Tenn. Code Ann. § 47-18-104(a). The TCPA creates a cause of action for damages available to "[a]ny person who suffers an ascertainable loss of money or property, real, personal, or mixed, or any other article, commodity, or thing of

9

value wherever situated, as a result of the use or employment by another person of an unfair or deceptive act or practice described in § 47-18-104(b)." Tenn. Code Ann. 47-18-109(a)(1).

Section 47-18-104(b) includes a long list of acts encompassed by the definition of "unfair or deceptive act or practice." In order to plead a claim under the TCPA, a plaintiff must plausibly allege that: (1) defendant engaged in an unfair or deceptive act or practice declared unlawful by the TCPA; and (2) defendant's conduct caused an ascertainable loss of money or property. *Tucker v. Sierra Builders*, 180 S. W. 3d 109, 115 (Tenn. Ct. App. 2005).

The TCPA is liberally construed to protect consumers and others from those who engage in deceptive acts or practices. *See Morris v. Mack's Used Cars*, 824 S. W. 2d 538, 540 (Tenn. 1992). Thus, Tennessee courts broadly define a "deceptive" act or practice as any "one that causes or tends to cause a consumer to believe what is false or that misleads or tends to mislead a consumer as a matter of fact." *Audio Visual Artistry v. Tanzer*, 403 S. W. 3d 789, 809-10 (Tenn. Ct. App. 2012). The TCPA expressly disclaims any disclosure or limitation of liability "by contract, agreement, or otherwise." Tenn. Code Ann. § 47-18-113.

### E.    Fraud

### i.    Generally

Claims of fraud must satisfy the "particularity" requirement of Fed. R. Civ. P. 9(b). *Smith v. Bank of Am. Corp.*, 485 F. App'x 749, 751 (6th Cir. 2012). Under Rule 9(b), a plaintiff must "allege the time, place, and content of the alleged misrepresentation…; the fraudulent intent of the defendants; and the injury resulting from the fraud." *BiotronX, LLC v. Tech One Biomedical, LLC*, 465 F. Supp. 3d 797, 809 (M.D. Tenn. 2020). As long as a plaintiff pleads "sufficient detail – in terms of time, place, and content, the nature of a defendant's fraudulent scheme, and the injury resulting from the fraud – to allow the defendant to prepare a responsive pleading, the requirements

10

of Rule 9(b) will generally be met." *Id.* at 809.

### ii. Intentional Misrepresentation

In Tennessee, fraud, intentional misrepresentation, and fraudulent misrepresentation comprise the same tort, which is typically referred to as intentional misrepresentation. *Thompson v. Bank of Am., N.A.,* 773 F. 3d 741, 751 (6th Cir. 2014). To state a claim for intentional misrepresentation, a plaintiff must plausibly allege: (1) defendant made an intentional misrepresentation of a material fact; (2) defendant made the representation "knowingly" without belief in its truth, or "recklessly" without regard to whether it was true or false; (3) the plaintiff justifiably relied on the misrepresentation and suffered damages; and (4) the misrepresentation relates to an existing or past fact. *BiotronX*, 465 F. Supp. 3d at 809. A future promise can support a claim for intentional misrepresentation – known as "promissory fraud" – if it is made without "the present intention to carry out the promise." *Id.* at 809-10.

### iii. Fraudulent Inducement

The tort of fraudulent inducement to enter into a contract is closely related to intentional misrepresentation and arises "when a person's willingness to enter into a contract is caused by another person's fraudulent misrepresentations with regard to a matter material to the contract." *Loew v. Gulf Coast Dev., Inc.,* No. 01-A-019010CH00374, 1991 WL 220576 at *7 (Tenn. Ct. App. Nov. 1, 1991). To state a fraudulent inducement claim, a plaintiff must plausibly allege that defendant: (1) made a false statement concerning a fact material to the transaction; (2) with knowledge of the statement's falsity or utter disregard for its truth; (3) with the intent of inducing the plaintiff's reliance on the statement; (4) the plaintiff reasonably relied on the statement; and (5) this reliance resulted in injury. *Thompson*, 773 F. 3d at 752. Fraudulent inducement claims may involve either false statements of past or present facts or false promises made without the present

11

intent to perform. *Loew*, 1991 WL 220576, at *7.

### iv.    Negligent Misrepresentation

The tort of negligent misrepresentation concerns "business or professional persons who negligently supply false information for the guidance of others in their business transactions." *John Martin Co. v. Morse/Diesel, Inc.,* 819 S. W. 2d 428, 433 (Tenn. 1991). To state a claim, a plaintiff must plausibly allege (1) defendant was acting in the course of business, profession, or employment, or in a transaction in which they had a pecuniary interest; (2) defendant supplied faulty information meant to guide others in their business transactions; (3) defendant failed to exercise reasonable care in obtaining or communicating the information; and (4) the plaintiff justifiably relied upon the information. *Thompson*, 773 F. 3d at 751-52.

### v.    Fraudulent Concealment

The tort of fraudulent concealment is committed when a party who has a duty to disclose a known fact or condition fails to do so, and another party reasonably relies upon the resulting misrepresentation, thereby suffering injury. *EPAC Techs, Inc., v. HarperCollins Christian Publ'g, Inc.,* 810 F. App'x 389, 395 (6th Cir. 2020). There are two lines of Tennessee cases regarding a party's duty to disclose information: the first, arose from a Tennessee Supreme Court holding that the duty to disclose arises only in three distinct circumstances: (1) where there is a previous definite fiduciary relation between the parties; (2) where it appears one or each of the parties to the contract expressly reposes a trust and confidence in the other; and (3) where the contract or transaction is intrinsically fiduciary and calls for perfect good faith. *Domestic Sewing Mach. Co. v. Jackson*, 83 Tenn. 418, 425 (1885). The second line of cases, originating with *Simmons v. Evans*, 185 Tenn. 282, 206 S. W. 2d 295 (1947), prescribes a broader duty to disclose. Thereunder, contracting parties have a duty to disclose material facts affecting the essence of a contract's subject matter.

12

*Odom v. Oliver*, 310 S. W. 3d 344, 349-50 (Tenn. Ct. App. 2009). Tennessee applies the *Simmons* line of cases to car sales specifically, and to consumer transactions generally. *Bearden*, 720 F. Supp. 2d at 940-41.

Under *Simmons* and its progeny, a seller must disclose enough information to prevent statements from being misleading; a seller must give accurate answers to a buyer's questions concerning a product's condition; a seller must disclose any condition or defect that it knows or should know about that renders the product defective or dangerous; and a seller must disclose basic, material information if it knows that the buyer is about to act without knowledge of the information and is without reasonable means to acquire the information itself. *Simmons,* 185 Tenn. at 285-86.

F.     **The Case at Bar**

Presently pending is Defendants' Motion to Dismiss. Docket No. 29. As grounds for their Motion, Defendants argue that: (1) the causes of action in Plaintiff's First Amended Complaint are frivolous and malicious; (2) the allegation of poverty is untrue under 28 U.S.C. § 1915(e)(2)(A) & (B)(i)(ii); (3) this Court lacks subject matter jurisdiction because there is no federal question or complete diversity between the parties and Plaintiff's claim does not meet the threshold requirements; and (4) the allegations of Plaintiff's First Amended Complaint fail to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6). *Id.*

Defendants argue that the Plaintiff's response was untimely filed and should not be considered by the Court. Docket No. 34-1 at 2. Given the preference for resolution of matters on the merits, the Court will excuse the late filed response. Further, considering the Plaintiff's pro se status, it is clear that the Plaintiff has not abandoned his claims such that the Defendants should prevail on that fact alone.

13

Federal Rules of Civil Procedure 6(b) provides that a court, in its discretion, may enlarge the time under which an act was to be done. Such an enlargement is appropriate where the failure to act within the original period was the result of excusable of neglect. Fed. R. Civ. P. 6(b)(1)(B). There is a multi-factor test the Court must balance to determine whether a failure to file before the expiration of a deadline was the result of excusable neglect. *See Nafzinger v. McDermott Intern.*, *Inc.,* 467 F. 3d 514, 522 (6th Cir. 2006).

The Court has considered the factors and found that the allowance of the late filed response is only minimally prejudicial to the Defendants; the late filed response would not affect the trial date, or any other deadlines associated with the trial as no scheduling order has been entered in this case and the Plaintiff does not appear to have acted in bad faith with regard to his untimely response. Though the Plaintiff's response was received by the Court on August 15, 2022, it appears that the Plaintiff mailed the response on August 11, 2022. Docket No. 33, p. 22. The postage information reflects that it was sent "Priority Mail 1-Day" which would have resulted in the package being received by the clerk's office on the 12th of August. While the delay was within the Plaintiff's reasonable control and clearly received after the filing deadline, both of which weigh against permitting the late filed response, taking into account all of the factors, the Court concludes that, on balance, such factors weigh in favor of permitting Plaintiff's late filed response. Further, given that the Court must take all of the allegations in the Complaint as true, it would be inappropriate to grant a motion to dismiss solely based on Plaintiff's failure to timely file a response to the motion.

With regard to Defendants' contention that this action should be dismissed because Plaintiff's First Amended Complaint is comprised of "frivolous and malicious" claims, Defendants' arguments in this regard are conclusory and meritless. Moreover, this Court

14

conducted its frivolity review and determined that Plaintiff had arguably stated colorable claims. Accordingly, the undersigned does not find that Plaintiff's claims are "frivolous and malicious" and declines to dismiss Plaintiff's First Amended Complaint on these grounds.

Turning next to Defendants' contention that this action should be dismissed because Plaintiff's "allegation of poverty is untrue under 28 U. S. C. § 1915(e)(2)(A) & (B)(i)(ii)," Defendants' arguments in this regard are likewise conclusory and meritless. Moreover, this Court has reviewed, evaluated, and accepted Plaintiff's application to proceed *in forma pauperis*, and the undersigned cautions Defendants' counsel against making unsubstantiated perjury claims. The undersigned likewise declines to dismiss Plaintiff's First Amended Complaint on these grounds.

With regard to Defendants' contention that this action should be dismissed because "this Court lacks subject matter jurisdiction because there is no federal question or complete diversity between the parties and Plaintiff's claim does not meet the threshold requirements," Plaintiff's First Amended Complaint clearly brings claims under several Federal statutes and the relief sought explicitly exceeds the threshold requirements; thus, Defendants' contention is meritless and the undersigned will not dismiss Plaintiff's First Amended Complaint on these grounds.

Addressing Defendants' final grounds for dismissal; namely, that "the allegations of Plaintiff's First Amended Complaint fail to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6)," as discussed above, in order to state a claim upon which relief can be granted, Plaintiff's First Amended Complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory. *Mezibov*, 411 F. 3d at 716. The court will construe the allegations of Plaintiff's First Amended Complaint in the light most favorable to him as the nonmoving party, accept its allegations as true, and draw all reasonable inferences in favor of him as the nonmoving party. *See Directv, Inc.*, 487 F. 3d at

476; *Inge*, 281 F. 3d at 619.

As recounted above, Plaintiff alleges that, in deceptively selling him a flood damaged and salvaged 2015 Nissan Altima, Defendants violated his rights under the Magnuson-Moss Warranty Act ("MMWA"); the Tennessee Warranty Claims of Express Warranty, Implied Warranty of Fitness for a Particular Purpose, and Implied Warranty of Merchantability; the Tennessee Consumer Protection Act; and the Fraud Claims of Intentional Misrepresentation, Fraudulent Inducement, Negligent Misrepresentation, and Fraudulent Concealment. Docket No. 9.[4] The undersigned will evaluate each of Plaintiff's claims in turn.

As noted, the MMWA does not provide an independent cause of action for state law claims, but rather, creates a federal right of action for breaches of warranty arising from state substantive law that provides additional damages for breaches of warranty under state law. *Kuns*, 543 F. App'x at 575; *Bearden*, 720 F. Supp. 2d at 938. Thus, in order for Plaintiff to recover damages under the MMWA, he must first plausibly allege a breach of Tennessee Warranty Claims. *Id.* Plaintiff has alleged breach of three Tennessee Warranty Claims: Breach of Express Warranty, Breach of Implied Warranty of Fitness for a Particular Purpose, Breach of Implied Warranty of Merchantability. Docket No. 9.

To plead a breach of express warranty under subsection 313(a), Plaintiff must allege that Defendants made an affirmation of fact intending to induce him to purchase the vehicle; he was, in fact, induced by Defendants' acts; and the affirmation of fact was false regardless of Defendants' knowledge of the falsity or intention to create a warranty. *Jones,* 265 F. Supp. 3d at 781. Plaintiff has alleged that Defendants intentionally made misrepresentations that induced him to purchase a

---

[4] Plaintiff's Odometer Act claim was dismissed by Judge Campbell in his initial frivolity review. *See* Docket No. 10.

16

damaged vehicle that did not conform to Defendants' description. Docket No. 9. Specifically, Plaintiff avers that Defendant Alazawy, acting as a salesman, represented to Plaintiff that the Subject Vehicle had been thoroughly inspected; its vehicle history had been checked; it was in excellent mechanical condition; it had not been in any serious accident; it did not have any damage; and it had been traded-in by the prior owner for non-mechanical reasons, when in fact, they were "clearly aware" of the Subject Vehicle's failing transmission, flood damage, and salvaged state, and they failed to disclose that the Subject Vehicle had been recalled ten times. *Id.* at 1-2, 6-7, 12, 14, 33-34. Plaintiff further avers that based on Defendant Alazawy's representations that the Subject Vehicle was "fit for the road" and covered by the warranty, Plaintiff agreed to purchase the car for $9,000 cash, but that he would not have purchased the Subject Vehicle "had [he] known the true condition and history." *Id.* at 9, 14, 16. Accordingly, Plaintiff's First Amended Complaint plausibly states a colorable claim for breach of express warranty and dismissal of this claim is unwarranted.

Assessing Plaintiff's claim of breach of implied warranty of fitness for a particular purpose, in order for Plaintiff to plausibly plead a breach of implied warranty of fitness for a particular purpose, Plaintiff must allege that Defendants had reason to know Plaintiff's purpose; Defendants knew Plaintiff was relying on their skill or judgment to decide on whether to purchase the Subject Vehicle; and the Subject Vehicle was not fit for the particular purpose for which it was bought. *See AutoZone, Inc.*, 737 F. Supp. 2d at 949. Plaintiff, in his First Amended Complaint, alleges that: (1) Defendants knew that the specific purpose for Plaintiff purchasing a car was to drive it; (2) he relied on Defendants' judgment in selecting and purchasing a purportedly mechanically sound vehicle suitable for the purpose of driving in Tennessee; (3) Defendants misrepresented the quality and condition of the Subject Vehicle knowing that Plaintiff was relying on those

17

misrepresentations; (4) Plaintiff purchased the Subject Vehicle in reliance on those misrepresentations; and (5) the Subject Vehicle was not fit for the purpose it was bought. Docket No. 9, *passim*. Accordingly, Plaintiff has plausibly stated a claim for breach of the implied warranty of fitness for a particular purpose and dismissal of this claim is unwarranted.

Turning to Plaintiff's claim of breach of implied warranty of merchantability, to state a claim for breach of the implied warranty of merchantability, Plaintiff need only allege that "in a general sense and understood by a layman, that 'something was wrong' with the product" – in other words, "that the goods did not measure up to the requirements of the warranty at the time they were delivered." *AutoZone, Inc.*, 737 F. Supp. 2d at 948-49*, quoting Browder*, 541 S. W. 2d at 406. Plaintiff avers that Defendants are in the business of selling used cars and knowingly sold him a flood-damaged, "salvage" vehicle that had significant transmission problems, had been recalled ten times, and could not be registered or insured in Tennessee. Docket No. 9, *passim*. Accordingly, Plaintiff has plausibly stated a colorable claim for breach of the implied warranty of merchantability and dismissal of this claim is unwarranted.

Because Plaintiff has plausibly stated colorable state-law claims for violation of an express warranty, an implied warranty of fitness for a particular purpose, and an implied warranty of merchantability, Plaintiff has plausibly stated a colorable MMWA claim and dismissal of it is unwarranted.

With regard to Plaintiff's claim under the TCPA, Plaintiff must plausibly allege that Defendants engaged in an unfair or deceptive act or practice declared unlawful by the TCPA and that their conduct caused an ascertainable loss of money or property. *Tucker*, 180 S. W. 3d at 115. Plaintiff, throughout his First Amended Complaint, proffers a litany of allegations against Defendants averring that they intentionally misrepresented that the Subject Vehicle was in good

18

condition despite knowing otherwise and created a false impression of the quality, value, and usability of the Subject Vehicle to induce Plaintiff to purchase it. *See* Docket No. 9 at 1-2, 6-7, 9, 12, 14, 16, 33-34. Plaintiff also alleges that Defendants misrepresented that the Subject Vehicle was sold with a useable thirty-day warranty covering repairs of engine and transmission problems, and Plaintiff avers that Defendants' unfair or deceptive acts caused an ascertainable loss of $9,000 because Plaintiff would not have purchased the Subject Vehicle had he known its true condition. *Id.* Accordingly, Plaintiff has plausibly stated a claim under the TCPA and dismissal of this claim is unwarranted.

Turning to Plaintiff's claims that sound in fraud, those claims must be plead with particularity, as required by Fed. R. Civ. P. 9(b). Fed. R. Civ. P. 9(b) requires that a plaintiff must allege the time, place, and content of the alleged misrepresentation; the fraudulent intent of the defendants; and the injury resulting from the fraud. *BiotronX*, 465 F. Supp. 3d at 809. Plaintiff in the instant action avers that on October 22, 2021, he and his mother visited Defendants' used car lot, where Defendant Alazawy, acting as a salesman, represented to Plaintiff that the Subject Vehicle had been thoroughly inspected; its vehicle history had been checked; it was in excellent mechanical condition; it had not been in any serious accident; it did not have any damage; and it had been traded-in by the prior owner for non-mechanical reasons, when in fact, they were "clearly aware" of the Subject Vehicle's failing transmission, flood damage, and salvaged state, and they failed to disclose that the Subject Vehicle had been recalled ten times. *Id.* at 1-2, 6-7, 12, 14, 33-34. Plaintiff further avers that based on Defendant Alazawy's representations that the Subject Vehicle was "fit for the road" and covered by the thirty-day warranty, Plaintiff agreed to purchase the car for $9,000 cash, but that he would not have purchased the Subject Vehicle "had [he] known the true condition and history." *Id.* at 9, 14, 16. The allegations of Plaintiff's First Amended

Complaint further detail Defendants' post-sale actions intended to prevent or delay Plaintiff's discovery of the Subject Vehicle's true condition until after the expiration of the thirty-day warranty period. *Id., passim.* Plaintiff's First Amended Complaint sufficiently alleges the time, place, and content of Defendants' alleged misrepresentations; the fraudulent intent of the Defendants; and the injury resulting from the fraud, and it includes sufficient detail to allow Defendants to have prepared their responsive pleading. *BiotronX*, 465 F. Supp. 3d at 809. Accordingly, Plaintiff's claims sounding in fraud are plead with sufficient particularity to comply with Fed. R. Civ. P. 9(b); dismissal on this ground is unwarranted.

Regarding Plaintiff's intentional misrepresentation claim, in order to state a claim for intentional misrepresentation, Plaintiff must plausibly allege that: (1) Defendants made an intentional misrepresentation of a material fact; (2) Defendants made the representation "knowingly" without belief in its truth, or "recklessly" without regard to whether it was true or false; (3) Plaintiff justifiably relied on the misrepresentation and suffered damages; and (4) the misrepresentation relates to an existing or past fact. *BiotronX*, 465 F. Supp. 3d at 809. A future promise can support a claim for intentional misrepresentation if it is made without "the present intention to carry out the promise." *Id.* at 809-10. Plaintiff's First Amended Complaint alleges that Defendants made material misrepresentations regarding the history and condition of the Subject Vehicle and the thirty-day warranty; that Defendants knew their misrepresentations were false and untrue; that Defendants made the misrepresentations as part of a scheme to sell damaged vehicles to unsuspecting purchasers like Plaintiff; and that Defendants had no intention to deliver what was represented or promised. Docket No. 9, *passim.* Plaintiff's First Amended Complaint further alleges that Plaintiff did not know Defendants' misrepresentations were false when he purchased the Subject Vehicle; that he relied on them in deciding to purchase the Subject Vehicle; and that

20

he was quantifiably harmed by Defendants' actions. *Id.* Accordingly, Plaintiff's First Amended Complaint plausibly states a claim for intentional misrepresentation such that dismissal is unwarranted.

Addressing Plaintiff's claim of fraudulent inducement to enter into a contract, in order to state such a claim, Plaintiff must plausibly allege that Defendants made a false statement concerning a fact material to the transaction, with knowledge of the statement's falsity or utter disregard for its truth and with the intent of inducing Plaintiff's reliance on the statement, and whereby Plaintiff reasonably relied on the statement and this reliance resulted in injury. *Thompson*, 773 F. 3d at 752. Fraudulent inducement claims may likewise involve either false statements of past or present facts or false promises made without the present intent to perform. *Loew*, 1991 WL 220576, at *7. In his First Amended Complaint, Plaintiff avers that Defendants knowingly made false statements of material fact concerning the history and condition of the Subject Vehicle and the thirty-day warranty in order to induce Plaintiff to purchase the Subject Vehicle, and further avers that he relied on Defendants' false statements of material fact to his detriment when he executed the purchase contract for the Subject Vehicle. Docket No. 9. Accordingly, Plaintiff's First Amended Complaint plausibly states a claim for fraudulent inducement to enter a contract, and dismissal is unwarranted.

Turning next to Plaintiff's claim for negligent misrepresentation, in order to state such a claim, Plaintiff must plausibly allege that: (1) Defendants were acting in the course of business, profession, or employment, or in a transaction in which they had a pecuniary interest; (2) Defendants supplied faulty information meant to guide others in their business transactions; (3) Defendants failed to exercise reasonable care in obtaining or communicating the information; and (4) Plaintiff justifiably relied upon the information. *Thompson*, 773 F. 3d at 751-52. As has been

discussed, Plaintiff, in his First Amended Complaint, avers that Defendants are in the business of selling cars, that Defendants knowingly supplied faulty information to him about the Subject Vehicle in order to induce him to purchase the car and, at the very least, failed to exercise reasonable care in obtaining or communicating information about the Subject Vehicle's history and condition to him such that he justifiably relied upon the information when purchasing the Subject Vehicle. Docket No. 9. Accordingly, Plaintiff's First Amended Complaint plausibly states a claim for negligent misrepresentation, and dismissal of this claim is unwarranted.

Finally, with regard to Plaintiff's claim of fraudulent concealment, under *Simmons* and its progeny, a seller must disclose enough information to prevent statements from being misleading; a seller must give accurate answers to a buyer's questions concerning a product's condition; a seller must disclose any condition or defect that it knows or should know about that renders the product defective or dangerous; and a seller must disclose basic, material information if it knows that the buyer is about to act without knowledge of the information and is without reasonable means to acquire the information itself. *Simmons,* 185 Tenn. at 285-86. Plaintiff, in his First Amended Complaint avers that Defendants had a duty to disclose material information concerning the Subject Vehicle's history, condition, quality, and warranty, but breached that duty by making misleading statements, not giving accurate answers to Plaintiff's questions, not disclosing conditions that rendered the Subject Vehicle defective or dangerous, and possessing but not disclosing material information about the Subject Vehicle that Plaintiff was otherwise unable to get – namely, the "salvage" title indicating flood damage. Docket No. 9. Accordingly, Plaintiff plausibly states a claim of fraudulent concealment and dismissal of this claim is unwarranted.

## V. CONCLUSION

For the reasons discussed above, the undersigned finds that Plaintiff's First Amended

Complaint (Docket No. 9) states plausible claims for relief such that dismissal at this juncture is unwarranted. Accordingly, the undersigned recommends that Defendant's Motion to Dismiss (Docket No. 29) be **DENIED**.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
**JEFFERY S. FRENSLEY**
**United States Magistrate Judge**